

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| IN RE PEANUT FARMERS ANTITRUST LITIGATION | Case No. 2:19-cv-00463<br><br>Honorable Raymond A. Jackson<br>Honorable Lawrence R. Leonard |

## ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT WITH OLAM AND SETTING DATE FOR FAIRNESS HEARING

**THIS CAUSE** came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement with Defendant Olam, for Certification of the Proposed Settlement Class, and for Related Relief. Plaintiffs have reached a proposed settlement of their claims with Defendant Olam Shelling Company, Inc. ("Olam"). The Court, having reviewed the Motion, its accompanying memorandum, and the exhibits thereto, the Settlement Agreement, and having held a hearing on the matter, hereby:

**ORDERS AND ADJUDGES:**

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

<u>Preliminary Approval of Settlement</u>

2. Upon review of the record and pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies a Settlement Class defined as:

> All persons or entities in the United States who sold raw, harvested runner peanuts to any of the Defendants, their subsidiaries or joint-ventures, from January 1, 2014 through December 31, 2019 (the "Class Period"). Specifically excluded from this Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant.

3. Upon review of the record, the Court concludes that the terms of the Settlement Agreement are fair, reasonable, and adequate, and the Settlement meets all the requirements of Federal Rule of Civil Procedure 23(e)(2) and will likely be granted final approval by the Court, subject to further consideration at the Court's Fairness Hearing. In reaching this conclusion, the Court makes the following findings:

   a. Rule 23(e)(1) is satisfied. The Court finds that the parties have shown that the Court will likely be able to approve the Settlement under Rule 23(e)(2) and certify the class for purposes of judgment as contemplated by the Settlement Agreement, having found that the Settlement Class meets the requirements of Rule 23(a) as well as the requirements of Rule 23(b)(3) because (1) the Settlement Class certified herein numbers thousands of entities, and joinder of all such entities would be impracticable, (2) there are questions of law and fact common to the Settlement Class; (3) Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (4) Plaintiffs are adequate representatives of the Settlement Class; (5) the questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member, and (6) that a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute.

   b. Rule 23(e)(2)(A) is satisfied because the Class Representatives and Class Counsel have adequately represented the Settlement Class;

   c. Rule 23(e)(2)(B) is satisfied because the Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of

2

reasonableness such that notice of the Settlement should be given to members of the Settlement Class pursuant to Rule 23(c)(2);

d. Rule 23(e)(2)(C) is satisfied and the relief provided for the Settlement Class is adequate because: (i) the Settlement Agreement provides for a substantial payment to the Settlement Class and eliminates the risks, expense, and delay of a trial and potential appeal; (ii) the case does not present any difficulties in identifying claimants or distributing settlement proceeds; (iii) the parties did not discuss the amount of attorneys' fees during the negotiation of the Settlement Agreement and final approval of the settlement is not contingent on the outcome of any petition for attorneys' fees; and (iv) there are no separate agreements that would affect the settlement amount, the eligibility of Settlement Class members to participate in the settlement or exclude themselves from it, or the treatment of Settlement Class members' claims; and

e. Federal Rule of Civil Procedure 23(e)(2)(D) is satisfied because the Settlement Agreement treats members of the Settlement Class equitably, relative to each other.

4. The Settlement is in the best interests of the Settlement Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirement of Rule 23(c)(2) and 23(e) and due process so that Notice of the Settlement should be given to the Settlement Class and a Fairness Hearing held to determine whether final approval of the Settlement is appropriate.

<u>Fairness Hearing</u>

5. The Court will hold a Fairness Hearing on March 25, 2021, at 10:00 a.m., at the Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, VA 23510,

Courtroom 4 (or such other courtroom as may be assigned for the hearing), to determine whether to approve: (1) the proposed Settlement and (2) Class Counsel's request for an award of litigation costs and expenses.

6. Within twenty-one (21) days of the entry of this Order, Plaintiffs shall file their motion or motions seeking final approval of the Settlement and an award of litigation costs and expenses, which shall be heard at the Fairness Hearing.

7. Any Settlement Class member who follows the procedure set forth in the Notice[1] authorized by the Court may appear and be heard at such hearing regarding approval of the Settlement and Class Counsel's request for an award of litigation costs and expenses.

8. Any Settlement Class member who wishes to exclude themselves from the Class must submit a valid and timely request for exclusion and must otherwise comply with the procedure set forth in the Notice regarding opting out of the Settlement Class.

9. Any Settlement Class member who does not exclude themselves from the Settlement Class and wishes to object to the Settlement or to Class Counsel's request for an award of litigation costs and expenses must submit a valid and timely written statement of the grounds for objection and otherwise comply with the procedure set forth in the Notice regarding objections.

10. If the Court believes it is appropriate, the Fairness Hearing may be conducted remotely by telephone or other electronic means. If the Court determines to hold the Fairness Hearing remotely, Class Counsel shall post that information on the website devoted to this litigation and provide any Settlement Class member that has informed the Court that it intends to participate the information required to remotely participate. The Fairness Hearing may be

---

[1] The Court has entered a separate order ("Notice Order") approving Plaintiffs' Notice Program and Authorizing Dissemination of Notice.

rescheduled, adjourned, or continued, and the courtroom assigned for the hearing may be changed, without further notice to the Settlement Class.

11. At least ten (10) days before the date fixed by this Court for the Fairness Hearing, Class Counsel shall file with the Court an affidavit or declaration of the person(s) responsible for directing the Notice Program approved by the Court, showing that Notice was provided to the Settlement Class in accordance with the Notice Order.

## Other Provisions

12. The Court appoints Angeion Group to serve as the notice and claims administrator for Plaintiffs in this case.

13. The Court appoint Huntington National Bank to serve as the escrow agent and provide escrow services in this case.

14. The Court appoints D&M Farms, Mark Hasty, Dustin Land, Lonnie Gilbert, Daniel Howell and Rocky Creek Farms as representatives of the Settlement Class.

15. The Court appoints Brian D. Clark of Lockridge Grindal Nauen P.L.L.P. and Kimberly A. Justice of Freed Kanner London & Millen LLC as Co-Lead Counsel for the Settlement Class and Wyatt B. Durrette, Jr. of Durrette, Arkema, Gerson & Gill PC as Liaison Counsel for the Settlement Class, pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g).

16. The Court approves the escrow account referenced in the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Treasury Regulation § 1.468B-1 and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSF. Class Counsel are authorized to use funds from the QSF in accordance with the Settlement Agreement, including to pay costs of notice, taxes, tax expenses, and settlement administration costs.

17. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used as defined in the Settlement Agreement.

18. In aid of the Court's jurisdiction to implement and enforce the proposed Settlement, as of the date of entry of this Order, Plaintiffs and all members of the Class shall be preliminarily enjoined from commencing or prosecuting any action or other proceeding against Olam asserting any of the Claims released in Section II(B) of the Settlement Agreement, pending final approval of the Settlement Agreement or until such time as this Court lifts such injunction by subsequent order.

19. If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing scheduling orders as necessary to ensure that the Plaintiffs and Olam will have sufficient time to prepare for the resumption of litigation.

**IT IS SO ORDERED.**

Dated: December 23, 2020

Honorable Raymond A. Jackson
U.S. District Judge